UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00288

**Alvin O. Chimney, Jr.,**
*Plaintiff,*

v.

**Deutsch Bank National Trust et al.,**
*Defendants.*

## OPINION AND ORDER

Plaintiff, proceeding pro se and in forma pauperis (IFP), sued defendants under numerous federal and state statutes. Docs. 1, 8. The case was referred to a magistrate judge. The magistrate judge issued a report recommending that plaintiff's case be dismissed under 28 U.S.C. § 1915(e)(2) for frivolity and failure to state a claim. Doc. 4. Afterwards, plaintiff filed objections to the report as well as an amended complaint. Docs. 7, 8.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

## I. Legal standard

Under 28 U.S.C. § 1915(e)(2), federal courts must screen and dismiss the case of an IFP plaintiff if the court determines at any time that the action is frivolous or fails to state a claim on which relief may be granted.

A complaint fails to state a claim upon which relief may be granted when it does not allege sufficient facts to state a claim that is plausible on its face and "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court must accept all well-pleaded facts as true, but it need not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 469 (5th Cir. 2023). These requirements apply even though pro se complaints are held to less stringent standards than those drafted by attorneys. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## II. Claims and objections

As an initial matter, the court notes that plaintiff's original and amended complaints are nearly incomprehensible. While the complaints include a litany of federal and state statutes, there are hardly any facts showing how those statutes were violated or what conduct plaintiff complains of. Plaintiff's complaint is subject to dismissal on these grounds alone. *See Twombly*, 550 U.S. at 555. Furthermore, plaintiff's objections are improper in that the objections fail to point out any specific factual or legal error in the report. Rather, the objections merely restate all of the information in the complaint. As such, the court need only review the record for clear error. However, out of an abundance of caution, the court will address some of plaintiff's arguments in greater detail.

### A. Claims for which there is no private right of action

Plaintiff asserts claims for violations of the CARES Act, the Texas Penal Code, and the Consumer Financial Protection Act. None of those statutes provide a private right of action and, thus, any claims based on those statutes fail as a matter of law. *McCoy v. Bogan*, No. 3:20-cv-00388, 2022 WL 4492781, at *18 (M.D. La. Sept. 9, 2022) (collecting cases concluding that "the CARES Act provides no private right of action"), *R. & R. adopted by*, 2022 WL 4490159 (M.D. La. Sept. 27, 2022); *Carmon v. Carrington Mortg. Servs., LLC*, No. 4:22-cv-03534, 2023 WL 9184038, at *8 (S.D. Tex. Dec. 5, 2023) (collecting cases concluding that "courts around the country agree that the CFPA does not authorize private actions"), *R. & R. adopted by*, 2024 WL 1476162 (S.D. Tex. Jan. 12, 2024); *Akins v. Liberty Cnty.*, No. 1:10-cv-00328, 2014 WL 105839, at *27 (E.D. Tex. Jan. 9, 2014) ("The Texas Penal Code, however, does not create private causes of action." (cleaned up)). As such, any claims based on these statutes fail to state a claim.

### B. Constitutional claims

Plaintiff also alleges constitutional claims under 42 U.S.C. §§ 1981 and 1983. Plaintiff's § 1983 claims fail because he has not sued any state actor and has not alleged that any defendant acted under the color of state law. *Salazar-Limon v. City of Hou.*, 826 F.3d 272, 277 (5th Cir. 2016) (holding that a § 1983 claims requires plaintiffs to allege that the "deprivation was committed by a person acting under color of state law."). Furthermore, while plaintiff may assert a § 1981 claim against a private party, plaintiff failed to make more than conclusory allegations that his rights were impaired because of his race. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 341 (2020) (holding that a plaintiff in a § 1981 action must allege that he lost a legally protected right because of race). As such, plaintiff's complaint fails to state any constitutional claim.

### C. Fair Housing Act claims

Plaintiff also asserts claims under various sections of the Fair Housing Act. However, the cited sections refer to real estate transactions and the sale or rental of dwellings. *See* 42 U.S.C §§ 3604, 3605. Because plaintiff's allegations relate to an unlawful foreclosure and not to the sale or rental of a dwelling or to any real estate transaction, those claims necessarily fail. Plaintiff's § 3617 claims similarly fail because plaintiff has not alleged that defendants interfered with any right protected under the Fair Housing Act.

### III. Conclusion

As stated above, plaintiff's objections are improper because plaintiff simply replicates his complaint rather than specifically identifying any legal or factual error in the magistrate's report. As such, the court reviews the record for clear error. Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Plaintiff's federal claims are dismissed with prejudice for failure to state a claim. Plaintiff's state law claims are dismissed without prejudice for lack of pendent jurisdiction. Any pending motions are denied as moot.

*So ordered by the court on September 29, 2025.*

J. CAMPBELL BARKER
United States District Judge